JEROME P. TLUSTY, Assistant District Attorney, MarathonCounty
You have asked whether, under sec. 343.10 (1), Stats., a 30-day temporary occupational license may be issued immediately upon conviction or only after 30 days have elapsed since the date of conviction. This statute reads in part:
". . . No order for an occupational license shall be issued until at least 30 days have elapsed, since the date of conviction or, in the case of an appeal which is subsequently dropped or affirmed, until at least 30 days have elapsed since the date of revocation following the dropping or affirmance of the appeal. If a certificate of insurance issued by the insuring company or an agent of the insuring company is submitted to the court, the court may issue a 30-day temporary occupational license. Such license shall be on forms provided to the court by the division."
Since this section is somewhat ambiguous, statutory construction is necessary to ascertain legislative intent. In my opinion, this section must be construed to mean that, after a conviction, 30 days must elapse before the court may make an order issuing a temporary occupational license. *Page 365 
Section 343.10 (1), Stats., actually provides for three different and distinct licenses, and it is quite evident that the legislature treated them as having separate and distinct purposes. These three are limited chauffeur's licenses, occupational licenses, and temporary occupational licenses.
The first portion of sec. 343.10 (1), Stats., provides that if a person has had his chauffeur's license revoked he may file a petition with the administrator for a limited chauffeur's license under sec. 343.126, Stats. This section stands by itself. Section 343.126 (1), Stats., provides:
"(1) When at least 30 days of a period for which a person's chauffeur's license has been revoked have elapsed or, in the case of an appeal which is subsequently dropped or affirmed, if at least 30 days have elapsed since the date of revocation following the dropping or affirmance of the appeal, the administrator may, upon application therefor accompanied by a filing fee of $5, issue a limited chauffeur's license to such person if:
"(a) Such person's livelihood depends upon his employment as a licensed chauffeur; and
"(b) Proof of financial responsibility covering all vehicles which the applicant will be permitted to operate has been furnished as specified in s. 343.38 (1) (c)."
Thus, the legislature has very definitely stated that an operator who has had his license revoked for a drunk driving conviction may not have a limited chauffeur's license for at least a period of 30 days thereafter. Nothing in sec. 343.10 (1), Stats., alters this legislative mandate. Thus, even though a person's job required him to drive, he could not receive a limited chauffeur's license until 30 days had elapsed after his conviction, or affirmance or dropping of an appeal upon conviction of a drunk driving charge.
It is very evident that the legislature has not confused a temporary occupational license with a limited chauffeur's license in sec. 343.10 (1), Stats.
In connection with a court order for issuance of an occupational license, this section further provides: *Page 366 
". . . If the petitioner holds a valid chauffeur's license at the time of filing petition the order for issuance shall further restrict operation under the occupational license to travel only between the licensee's place of residence and his place of employment, in addition to operation permitted under the chauffeur's license . . . ."
I cannot attribute to the legislature the incongruity of providing that, if a person needs a license for his job, he can have an immediate 30-day temporary occupational license but cannot obtain a limited chauffeur's license until 30 days after the conviction. Yet, this would be the result if we construed the statutory provision to mean that a court could issue a 30-day temporary occupational license immediately after conviction.
It is clear that a limited chauffeur's license is issued by the administrator without a court order, and that an occupational license is issued by the administrator only upon a court order therefor. However, the temporary occupational license is issued directly by the court itself. The administrator does not issue such license. Since courts operate only through the issuance of orders or judgments, it follows that a court, in issuing a temporary occupational license, does so by way of issuing an order for such license. Since the statute clearly provides that no order for an occupational license shall be issued until at least 30 days have elapsed since the date of conviction, it would seem clear that this applies also to an order for the issuance of a temporary occupational license.
Previously, the law provided a 90-day waiting period from the date of conviction before an occupational license could be ordered. During its last session, the legislature reduced this to 30 days. The question was considered as to how long after the end of the 30-day period it would take for the Division of Motor Vehicles to act to issue the license. It was then decided to provide that the court could issue a temporary occupational license to cover this period so that a person could commence to drive immediately at the end of the 30-day period, while he was waiting to receive his occupational license from the Division of Motor Vehicles. I think that it is clear from the language of the statute that this is what *Page 367 
the legislature intended to accomplish. To construe the statute as permitting the issuance of a temporary occupational license immediately after conviction would defeat the very purpose of the statute.
Finally, another rule of statutory construction must be considered: The interpretation placed upon a statute by the agency authorized to administer its provisions must be given weight in construing the statute. While a long standing construction would have more cogency in this respect, nevertheless the Division of Motor Vehicles has construed the statute as I have, and due consideration must be given to the expertise possessed by the Division of Motor Vehicles in this respect.
Thus, for all of these reasons, I must conclude that the court must wait 30 days after a drunk driving conviction, or 30 days after the dropping or affirmance of an appeal, before it may order a 30-day temporary occupational license under sec. 343.10 (1), Stats.
RWW:AOH